IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| LINDA MORRIS, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:02-CV-0122 |
| | § | |
| JO ANNE BARNHART, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION**
**TO REVERSE THE COMMISSIONER'S DECISION**
**AND REMAND FOR FURTHER ADMINISTRATIVE ACTION**

Plaintiff LINDA MORRIS, brings this cause of action pursuant to 42 U.S.C. §405(g), seeking review of a final decision of defendant JO ANNE BARNHART, Commissioner of Social Security (Commissioner), denying plaintiff's application for a term of disability, and disability benefits. Both parties have filed briefs in this cause. For the reasons hereinafter expressed, the undersigned United States Magistrate Judge recommends the Commissioner's decision finding plaintiff not disabled and not entitled to benefits be REVERSED and the case REMANDED.

I.
THE RECORD

Plaintiff applied for supplemental security income benefits (SSI) under Title XVI of the

Social Security Act on August 24, 1993, alleging a disability onset date of April of 1992.[1] (Transcript [hereinafter Tr.] 96). Plaintiff cited fatigue, pain in the right side including numbness in fingers and toes, as well as mental depression and headaches as the cause for her inability to work. (Tr. 138). Plaintiff's application was denied initially and upon reconsideration, whereafter plaintiff timely requested an administrative hearing before an administrative law judge (ALJ). (Tr. 106). At the time of the administrative hearing on June 16, 1997, plaintiff was fifty (50) years old with a G.E.D. and past work experience as a housekeeper. (Tr. 46-47).

In a decision issued August 25, 1997, ALJ Kim D. Parrish determined plaintiff suffered from depression, hypertension, and osteomyelitis of the right fibula, but that plaintiff did not have an impairment or combination of impairments of such severity so as to meet or equal any impairment listed in Appendix 1, Subpart P, Regulations No. 4. (Tr. 454). The ALJ further found plaintiff retained the functional capacity for a wide range of sedentary work limited as follows:

> Occasionally able to climb stairs and never able to climb ladders; occasionally able to bend forward at the waist; occasional bending at the knees to come to rest on her knees; occasional bending downward by bending the legs and spine; and must alternate sitting and standing every 30 minutes.

(*Id.*). Additionally, the ALJ determined plaintiff had the following non-exertional limitations:

> Inability to remember and understand very short and simple instructions and carry out simple routine tasks; inability to perform simple unskilled one to two step repetitive tasks; inability to relate superficially to the general public and coworkers with routine supervision; and, she must avoid extended exposure to pollutants, dust, or fumes.

(*Id.*) The ALJ found that while plaintiff did not retain the ability to return to her past relevant

---

[1] Plaintiff was incarcerated from January 1994 through July 1999 and was evaluated on several occasions while in prison. The parties have briefed the plaintiff's medical history both in and out of prison and such will not be repeated herein.

work, there were a significant number of jobs in the national economy which she could perform. Accordingly, plaintiff was found not to be disabled at Step 5 of the sequential analysis. (*Id.*).

Plaintiff filed a Request for Review of Hearing Decision and although the decision date is illegible, it appears sometime in January 1999 the Appeals Council vacated the decision and remanded the case for an additional hearing. (Tr. 471-72). The remand specifically directed the ALJ to:

> Take the necessary action to update the medical record and give further consideration to the claimant's maximum residual functional capacity and provide appropriate rationale with specific references to evidence of record in support of the assessed limitations (20 CFR 416.945 and Social Security Ruling 96-8p).

(Tr. 472). On March 16, 2000, ALJ Carol A. Connor conducted the hearing after remand. (Tr. 67-93). On April 26, 2000, the ALJ rendered an unfavorable decision, finding plaintiff not entitled to benefits at any time through the date of the decision. (Tr. 17-23). The ALJ determined, "The record does not establish depression has constituted a severe impairment for a continuous period of twelve months or more. The claimant's testimony shows that when she takes her medication, she does pretty well in this area." (Tr. 19). The ALJ further determined that plaintiff had medical impairments, *i.e.* flat feet and a right shoulder impairment, but that such impairments were not "severe," and that her impairments of arthritis, osteomyelitis, and post-phlebitic syndrome, while severe, did not meet or equal a Listed impairment. (*Id.*). The ALJ determined plaintiff could not return to her past relevant work as a "maid," (Tr. 22), but that she had the capacity for a limited range of light work. (*Id.*, Finding No. 6).[2] Finally, the ALJ determined, upon taking testimony from a Vocational Expert (VE), that plaintiff was not disabled at Step 5 of the sequential analysis and that she could perform light, unskilled jobs

[2]The findings of the ALJ are inconsistent because they also suggest the capability to perform a "significant" range of light work, at Finding No. 10. (Tr. 22).

existing in significant numbers in the national economy *i.e.* Silverware Wrapper, Small Parts Assembler or Information Clerk. (Tr. 23). On February 14, 2002, the Appeals Council denied plaintiff's request for review rendering the ALJ's decision the final decision of the defendant Commissioner. (Tr. 9-10). Plaintiff now seeks judicial review.

II.
STANDARD OF REVIEW

In reviewing disability determinations by the Commissioner, this court's role is limited to determining whether substantial evidence exists in the record, considered as a whole, to support the Commissioner's factual findings and whether any errors of law were made. *Anderson v. Sullivan*, 887 F.2d 630, 633 (5th Cir. 1989). To determine whether substantial evidence of disability exists, four elements of proof must be weighed: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) claimant's subjective evidence of pain and disability; and (4) claimant's age, education, and work history. *Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991) (citing *DePaepe v. Richardson*, 464 F.2d 92, 94(5th Cir. 1972)). If the Commissioner's findings are supported by substantial evidence, they are conclusive, and the reviewing court may not substitute its own judgment for that of the Commissioner, even if the court determines the evidence preponderates toward a different finding. *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980). Conflicts in the evidence are to be resolved by the Commissioner, not the courts, *Laffoon v. Califano*, 558 F.2d 253, 254 (5th Cir. 1977), and only a "conspicuous absence of credible choices" or "no contrary medical evidence" will produce a finding of no substantial evidence. *Hames v. Heckler*, 707 F.2d at 164. Stated differently, the level of review is not *de novo*. The fact that the ALJ could have found plaintiff to be disabled is not the issue. The ALJ did not do this and the case now comes to the

federal court on appeal. The issue is not whether the ALJ was right or wrong in his assessment, but whether there is substantial evidence to support the ALJ decision.

## III.
## MERITS

Plaintiff in her brief in support of her application, contends, "The only issue herein is whether the final decision of the Social Security Administration denying disability benefits to the Plaintiff is supported by substantial evidence." Plaintiff's Brief at 1. Specifically, the plaintiff refers to a finding by the Texas Department of Criminal Justice (TDCJ) that plaintiff, "...was limited by the prison medical authorities to not more than four [4] hours of sedentary work per day." Plaintiff's Brief at 2.[3]

In its January 1999 remand order, the Appeals Council ordered the ALJ to, "Take the necessary action to update the medical record and give further consideration to the claimant's maximum residual functional capacity and provide appropriate rationale with specific references to evidence of record in support of the assessed limitations (20 CFR 416.945 and Social Security Ruling [SSR] 96-8p)." (Tr. 472). Specifically, the Appeals Council stated,

> The hearing decision indicates that the claimant has the residual functional capacity for work-related functions that equate to a maximum sustained capability for sedentary work, finding #4, but the decision does not contain sufficient rationale with specific references to evidence of record in support of the assessed limitations. Clinic notes dated June 23, 1995, from the Texas Department of Criminal Justice [TDCJ] stated the claimant could not lift more than 40 pounds or walk more than 400 yards (exhibit 34/15). Although a May 1995 bone scan indicated that claimant has Osteomyelitis of the distal right fibula, an August 1996 x-ray of the right lower leg was normal. In addition, x-rays of the cervical

[3] According to the records, this limitation was implemented July 17, 1996. (Tr. 429). At the time, plaintiff was also restricted to sedentary work only, limited standing, no walking more than 400 yards, no lifting greater than 5 pounds, no squatting or climbing, limited seating, ground floor row assignments, lower bunks, no walking on wet or uneven surfaces, no work with chemicals or irritants, no work requiring safety boots. In January and March of 1995, plaintiff's assessment was to not lift more than 40 pounds and there was no mention of the 4 hour work day limitation.

> and lumbar spine were within normal limits (exhibit 34/9), and an x-ray of the right forearm showed an old fracture with normal progression of healing (exhibit 40/36). Because the claimant attained age 50 on May 20, 1997, Rule 201.14 would direct a conclusion of "disabled" as of that date if the claimant were restricted to sedentary work. Clarification of the claimant's residual functional capacity is necessary.

(Tr. 471). The Appeals Council did not specifically reference the TDCJ finding that claimant could only work four (4) hours a day (Tr. 429) but did reference SSR 96-8p which discusses the "regular and continuing basis" aspect of a work day *i.e.*, that such is 8 hours a day, 5 days a week.

In a decision dated April 26, 2000, the ALJ appears to have found that plaintiff's conditions of depression, flat feet and right shoulder impairment did not constitute "severe" impairments. (Tr. 19). The ALJ then determined plaintiff's conditions of arthritis, osteomyelitis and post-phlebitic syndrome, while severe, did not meet or equal any of the Listed Impairments. (*Id*.). The ALJ determined plaintiff had the, "residual functional capacity for a limited range of light work with the ability to lift no more than 40 pounds, stand and/or sit one hour at a time, and to perform no prolonged walking." (Tr. 20).[4] While the ALJ noted plaintiff testified she could work no more than four hours a day, the ALJ found the allegation to be unsupported by the record as a whole. (Tr. 21). Again, and as set out above, plaintiff presents only one ground for reversal, that is, that plaintiff was limited to a maximum of four (4) hours of sedentary work per day, and that the administrative record contains no medical evidence to contradict that determination.

Defendant's response is that there is medical evidence of record which contradicts the

[4] In his findings the ALJ references plaintiff's ability to perform a "limited" range of light work as well as a "significant" range of light work. (Tr. 22); See Footnote #1. It appears from the reference at Tr. 20, however, the ALJ intended to use the term "limited" range of light work.

four (4) hours per day limitation. Defendant identifies such evidence as the medical notes and findings of Dr. Packard. Defendant characterizes Dr. Packard's findings as being adequate to rebut the four (4) hour limitation arguing Dr. Packard did not place any limitation on plaintiff regarding the number of hours per day plaintiff could work. It appears Dr. Packard saw plaintiff from December 1999 to March 2000. (Defendant's brief, p. 7).

Review of Dr. Packard's notes reflects they do not specifically address the number of hours per day plaintiff is able to work. His notes do not say plaintiff is able to work eight hours per day nor do they say she is not. Dr. Packard's notes reflect he found plaintiff unable to do heavy lifting or shipping large objects (Tr. 480), that she should exercise to the extent she can tolerate such, and that she should decrease he weight and her salt intake (Tr. 485).

The ALJ opinion does not disclose the determination and/or distinction the ALJ made between Dr. Packard's report and the TDCJ medical restriction limiting plaintiff to working less than four (4) hours per day. It is significant that the ALJ opinion does not even mention the TDCJ restriction. The only mention of the four (4) hour limitation by the ALJ is in the rejection of plaintiff's testimony that she was only able to work four (4) hours per day, which the ALJ classifies as not credible because her "allegation is not supported by the record as a whole, particularly the objective medical evidence." (Tr. 21).

While the ALJ does not cite the July 17, 1996 TDCJ Health Summary, (Tr. 429) which limits plaintiff to four (4) hours of sedentary work per day, she does reference an August 29, 1996 TDCJ record relating to post-phlebitic pain syndrome. (Tr. 21). In light of the July 17, 1996 summary, which constitutes a medical finding by TDCJ doctors limiting plaintiff to four (4) hours per day, it appears the ALJ overlooked this finding by plaintiff's treating physician. Without any discussion of the TDCJ summary and how and why the ALJ rejects it in favor of

Dr. Packard's reports, the administrative finding of not disabled cannot stand.

This case must be remanded to the defendant secretary for further administrative proceedings which shall include but not be limited to a discussion of the July 17, 1996 four (4) hour work limitation placed on plaintiff by the TDCJ physician and an analysis of the significance of such limitation on plaintiff's RFC. Further, if such limitation is rejected, the reasons for doing so should be stated as well as the reasons that Dr. Packard's findings are more persuasive if, indeed, such is the case.

## IV. RECOMMENDATION

THEREFORE, it is the opinion and recommendation of the undersigned to the United States District Judge that the decision of the defendant Commissioner be REVERSED and REMANDED as set forth herein.

## V. INSTRUCTIONS FOR SERVICE

The District Clerk is directed to send a copy of this Report and Recommendation to plaintiff's attorney of record and to the Assistant United States Attorney by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 12th day of September 2005.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

*** NOTICE OF RIGHT TO OBJECT ***

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).